**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Lorraine Hatheway, | No. CV-18-08332-PCT-DLR |
| Plaintiff, | **AMENDED ORDER**[1] |
| v. | |
| Bank of New York Mellon, et al., | |
| Defendants. | |

Plaintiff Alison Hatheway accuses Defendants Bank of New York Mellon ("BNYM") and its Chief Executive Officer, Charles Scharf, of violating the Fair Debt Collection Practices Act ("FDCPA") by failing to respond to her requests for debt validation and suing her in Connecticut State Court "for relief of debt by vestment of title" to her Connecticut property. (Doc. 1 at 2-3.) Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue under Federal Rules of Civil Procedure 12(b)(1)-(3). (Doc. 11.) The motion is fully briefed and neither party requested oral argument. The Court concludes that it lacks personal jurisdiction over Defendants and therefore will grant the motion to dismiss.[2]

**I. Discussion**

---

[1] The Amended Order modifies the June 4, 2019 order-line to correctly reflect that doc. 11 is granted.

[2] Because the Court lacks personal jurisdiction over Defendants, it will not pass judgment on the remaining issues raised in Defendants' motion, which instead should be resolved by a court of competent jurisdiction.

Under Rule 12(b)(2), a party may move to dismiss claims against it for lack of personal jurisdiction. In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction is proper. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "Where, as here, a defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal quotation and citation omitted). Although a plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l*, Inc., 551 F.2d 784, 787 (9th Cir. 1977), uncontroverted allegations in the complaint must be taken as true and any conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.* at 800. Arizona's long-arm statute allows Arizona courts to exercise personal jurisdiction to the maximum extent permitted under the Due Process Clause of the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). "Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot*, 780 F.3d at 1211. Defendants contend that both general and specific jurisdiction are lacking. The Court agrees.

**A. General**

General jurisdiction "requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n. 11 (2014)

(internal quotation marks, brackets, and citation omitted). This standard is demanding; "only in an 'exceptional case' will general jurisdiction be available anywhere" other than the "corporation's place of incorporation and principal place of business." *Martinez v. Aero Carribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler AG*, 571 U.S. at 139 n.19).

In applying this standard to an international bank, the Ninth Circuit found that California lacked general personal jurisdiction over a bank that merely had a branch in the state but was neither incorporated nor had its principal place of business there. *AM Trust v. UBS AG*, 681 Fed. App'x 587, 588 (9th Cir. 2017). Similarly, BNYM is neither incorporated nor has its principle place of business in Arizona. (Doc. 11-1 ¶ 5.) Moreover, unlike the bank defendant in *AM Trust*, BNYM does not operate a branch in Arizona. (¶ 6); *see AM Trust*, 681 Fed. App'x at 588. Plaintiff has not made the requisite showing that this is an exceptional case permitting general personal jurisdiction over BNYM. Nor has Plaintiff established general jurisdiction over Scharf. (*See, e.g.*, Doc. 1 at 2 (Scharf maintains his "principal place of business in New York, New York.").)

**B. Specific**

Specific jurisdiction is analyzed under a three-pronged test: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011) (emphasis in original). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 800.

Courts use a three-element test determine whether the non-resident defendant

purposely directed activities at the forum. Purposeful direction requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "[R]andom, fortuitous, or attenuated contacts are insufficient to create the requisite connection with the forum." *Id.* (internal quotation marks and citation omitted).

Plaintiff's complaint—which merely alleges that Defendants have "business activity in Arizona"—does not plausibly show any purposeful direction of relevant activities to Arizona. (Doc. 1 at 2.) As alleged, the entirety of Defendants' conduct involves Connecticut property, Connecticut courts, and Connecticut land records. There is not a single allegation of conduct aimed at Arizona in the complaint. Nor does Plaintiff "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quotation marks and citations omitted). The Court therefore lacks specific personal jurisdiction over Defendants.

**II. Conclusion**

For these reasons, the Court lacks personal jurisdiction over Defendants. Although Federal Rule of Civil Procedure 15(a)(2) requires the Court to "freely give leave when justice so requires," leave need not be granted "where the amendment of the complaint . . . constitutes an exercise in futility[.]" *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Here, Plaintiff does not ask for leave to amend her complaint. Nor does it appear that there are facts Plaintiff could allege, supported, by evidence, that would permit the Court to exercise personal jurisdiction over Defendants given the nature of the allegations in this case. Accordingly,

//
//
//
//
//

1 **IT IS ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 11) is **GRANTED**. The Clerk of the Court is directed to terminate this case.

Dated this 7th day of June, 2019.

Douglas L. Rayes
United States District Judge